ANTOINE AUGUSTE NEZAT *v.* JAMES TAYLOR WHITE.

APPEAL from the District Court of St. Martin, *King* J.

*Voorhies,* for the appellant.

*Crow, Porter, T. H.* and *W. B. Lewis,* for the defendant.

MORPHY, J. The plaintiff and appellant complains of the dissolution of an injunction, he had sued out to arrest the execution of a judgment rendered against him in favor of one James Taylor White. He alleges that he satisfied said judgment by transferring to Robert Cade, the agent of said White, two promissory notes of Onezime A. Guidry, on the 28th of May, 1843 ; that, without his consent, Cade discharged the said two notes amounting to $449 05, and took in lieu thereof Guidry's note to his order, for the same amount, payable six months after date ; that he has thus paid this judgment ; and that White is liable to pay him $89 65, the difference between the amount of the judgment, and that of the note so given in payment.

A close examination of the evidence has satisfied us that the note of Guidry for $449 05, which was placed by Charles Close, the plaintiff's agent, in the hands of Crow, the attorney of Robert Cade, was not taken by the latter in payment or satisfaction of the judgment of White, but that the understanding was that the amount of this note, when collected, was to be applied to the payment of plaintiff's debt to White, and that the surplus, whatever it might be, was to be returned to the plaintiff. There is some contradiction between the testimony of Close and Crow, in relation to the object of the settlement which took place ; but the written receipt delivered at the time by Crow accords better with his recollection of the facts, than with the account given of them by Close. It is, moreover, shown that, since this note became due the plaintiff called upon Crow to know if he had been able to collect it, asked where Cade lived, and stated that he wished to make some arrangement with him. It would seem that the plaintiff did not then consider his debt as paid by the transfer of the notes of Guidry. He holds the affirmative of the question whether the judgment enjoined has been satisfied, and has, in our opinion, failed to establish it. *Judgment affirmed.*